No. 81-122

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF

GERALD E. ROWEN,

Petitioner and Respondent,

-vs-

MARY HELEN ROWEN,

Respondent and Appellant.

Appeal from: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud, The Honorable
Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Holmstrom, Dunaway & West, Billings, Montana

For Respondent:

Berger, Sinclair & Nelson, Billings, Montana

Submitted on Briefs: May 6, 1982

Decided: August 11, 1982

Filed AUG 11 1982

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mary Rowen appeals from an amended judgment entered by the Rosebud County District Court, Sixteenth Judicial District, denying her motion to hold her former husband Dr. Gerald E. Rowen in contempt for failing to make maintenance payments to her as provided in the decree, and for a modification of her maintenance payments up to a monthly sum of $1,250.

Instead, the District Court ordered the husband to pay the wife arrearages totaling $2,229 and one-half of her attorney fees in the sum of $625.

The 30 year marriage of the parties was dissolved on September 7, 1976, upon the petition of the husband, who appeared in the action with counsel. Wife did not contest the dissolution action. The District Court incorporated in its decree a separation and property settlement agreement that had been executed between the parties on August 11, 1976. The record does not show the wife was then represented by counsel.

On September 23, 1980, wife filed her motion in the District Court for a show cause order commanding husband to appear and show cause why he should not be held in contempt for his failure to pay delinquent maintenance monies to her, for reasonable attorney fees, and for a modification of the maintenance award contained in the decree to $1,250 per month for her support. Hearing was had on her motion, findings and conclusions were submitted by both parties, and on November 14, 1980, the District Court entered its findings of fact and conclusions of law. Her motion for contempt was denied, as was her motion to increase the monthly maintenance award to her, the District Court finding

-2-

that there was no showing of changed circumstances so substantial and continuous as to make the terms of the property settlement agreement unconscionable. However, the District Court did determine that by interpreting the property settlement agreement, that the husband was in arrears on maintenance payments to the wife in the total sum of $2,229 and that husband should pay $625 to the wife toward her attorney fees and costs. It is from this order, as amended on January 19, 1981, that wife appeals.

The center of controversy is the following paragraph in the property settlement agreement between the parties which is incorporated in the decree of dissolution and which provides for a monthly maintenance award to the wife:

> "To pay to the Wife as alimony the sum of $750.00 per month commencing on September 1, 1976, and continuing each and every month thereafter, subject to the following contingencies: (1) This amount of $750 per month is based upon 13 percent of the Husband's taxable income and if said income should rise or fall then the $750 shall be adjusted to provide that the Wife shall receive 13 percent of the Husband's taxable income each calendar year. In this regard, the Husband will agree to make any tax returns or other business records available to the Wife. The alimony payable hereunder shall be adjusted on May 1 of each year, based on the previous calendar year's taxable income." (Emphasis added.)

The District Court found that the term "taxable income" has a definition set forth in section 63 of the Internal Revenue Code (26 U.S.C.A. § 63). It further found that deductions permitted under the code are (1) expenses, (2) alimony, (3) exemptions, (4) Keogh plan, and (5) zero bracket deductions.

However, the District Court determined that the husband should not be permitted to deduct alimony in determining his taxable income as that would create a "double deduction"; and also that the exemptions claimed by the husband should

-3-

not be allowed as "that would give the doctor an opportunity to unilaterally reduce his alimony payments to an unconscionable figure."

Based upon its interpretation of the term "taxable income" foregoing, the District Court recomputed the amounts that the husband should have paid to the wife and determined an arrearage in the total of $2,229.

The attorney who represented the husband (there is an indication in the transcript that he may have represented both parties in the original divorce action, but that does not otherwise appear in the court record) testified that in drawing up the property settlement agreement and providing for the monthly maintenance award to the wife he had used the figure of $69,623 as the taxable income of the husband for 1975 to determine a monthly payment of $750 per month based upon 13 percent of the husband's taxable income. The figure of $69,623 had been given to the attorney either by the husband or the husband's accountant. The attorney also testified that there was discussion in his office between the parties as to what the income from the medical profession would be, and that the husband had concern that the income could fall or rise and accordingly the monthly maintenance should be adjusted. The attorney also testified that in determining the taxable income, he would not have deducted the alimony payments, although the Internal Revenue Code section provides that alimony is a deduction in determining taxable income for income tax purposes.

In truth, in the year 1975, immediately preceding the marital dissolution, the gross income rather than the taxable income of the husband had been $69,623.

In the years following the marital dissolution, the husband made monthly payments to the wife based upon his

-4-

taxable income as shown in his income tax returns. The following table taken from his income tax returns will indicate the gross income, deductions, taxable income, annual maintenance and monthly maintenance paid to the wife using the taxable income figures:

|  | 1979 | 1978 | 1977 | 1976 | 1975 |
|---|---|---|---|---|---|
| Gross Income | $79,118 | $75,912 | $68,231 | $80,494 | $69,623 |
| Deductions | 27,459 | 25,504 | 24,696 | 22,519 | 19,030 |
| Taxable Income | 51,659 | 50,408 | 43,535 | 57,975 | 50,593 |
| Annual Mainten- ance (13%) | 6,716 | 6,553 | 5,660 | 7,537 | 6,577 |
| Monthly Mainten- ance (÷ 12) | 560 | 546 | 472 | 628 | 548 |

The husband paid wife $750 per month until the adjustment occurred in the year 1977. Thus, the monthly maintenance to wife dropped from $750 to $628 on May 1, 1977; decreased to $472 per month on May 1, 1978; increased to $546 per month on May 1, 1979; and increased to $559.64 on May 1, 1980.

The District Court further found that wife was capable of earning $5,200 annually over and above the maintenance she was receiving from the petitioner and that the husband had not had an increase in his income sufficient to meet the requested amount of increase by the wife.

On appeal, the wife contends that the District Court erred (1) in not interpreting the term "taxable income" to mean "total income" of husband; (2) in its determination of the amount of arrearages due wife; and, (3) in failing to adopt the findings and conclusions submitted by wife which would have held the maintenance award provision in the decree to be unconscionable and permitted modification.

The property settlement, incorporated in the decree, provides that the maintenance payments shall terminate upon

the remarriage of wife. This language shows clearly that the payments are for support and maintenance. See Bertagnolli v. Bertagnolli (1979), ___ Mont. ___, 604 P.2d 299, 36 St.Rep. 2250. The separation agreement does not expressly preclude or limit modification of its maintenance terms. The District Court therefore has power to modify such provisions by modifying the decree. Section 40-4-201(6), MCA. The District Court may modify maintenance provisions in a decree upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. Section 40-4-208(2)(b)(i), MCA.

The District Court chose not to modify the maintenance provision. It chose instead to interpret the term "taxable income", so as to exclude alimony and personal exemptions as deductions in determining taxable income. There is support in the record for the exclusion of alimony based upon the attorney's intention (not the parties') that alimony should not be a deduction in determining income for purposes of maintenance between the parties. There is no support in the record for a determination that personal exemptions were not to be deducted in determining taxable income. Undoubtedly the District Court felt that interpreting "taxable income" in strict accordance with the Internal Revenue Code definition would be unconscionable as far as the wife was concerned and attempted to ameliorate that unconscionability.

We determine that the maintenance provision in the decree, incorporated from the separation agreement, is indeed unconscionable as to the wife, and that the facts in the case as a matter of law show changed circumstances so substantial and continuing as to make the maintenance provision unconscionable. In support thereof, we cite these facts from the record:

At the time of the decree, when his gross income was $69,623, husband agreed to pay wife the sum of $750 per month. In fact his taxable income at that time was $50,593. The husband agreed therefore to pay 18 percent of his taxable income in maintenance in the first year. The husband made payments of $750 per month until May 1, 1977. At that time, he calculated his taxable income for 1976 in the sum of $57,975, and reduced his monthly payments to his wife to the sum of $628. In the ensuing years through 1979, husband's gross income varied from 98 percent of $69,623 (his 1975 gross income) to 116 percent thereof. In the same period of years his $750 payments to his wife varied from 63 percent to 75 percent thereof. The tax returns of the husband for the period 1976 through 1979 show items which make the calculation of the maintenance award based upon taxable income unconscionable both to the husband and the wife. For example, the husband sold a residence in that period for which he received a capital gain, and that capital gain income was included in the computation of taxable income which meant a gain to the wife. On the other hand, husband spent $1,293 in 1978 attending professional meetings but $4,142 in 1979. Each of these professional costs constitute deductions in calculating the wife's maintenance. Thus, husband has it in his power by various charge-offs to his business and other items substantially to reduce the monthly payments of maintenance to his wife. We do not say that he has exercised this power; the very existence of the power in the decree makes it unconscionable as to the wife.

These facts, incontrovertible from the record, constitute as a matter of law changed circumstances so substantial and continuing as to make the terms unconscionable. See Kronovich

v. Kronovich (1978), ____ Mont. ___, 588 P.2d 510, 35 St.Rep. 1946; section 40-4-208(2)(b)(i), MCA. The amount of maintenance in this case is beyond the control of the wife and within the control of the husband and for that reason the District Court is empowered by section 40-4-208, MCA, to reopen the judgment and modify the maintenance provision. See In Re Marriage of Jorgensen (1979), ___ Mont. ____, 590 P.2d 606, 36 St.Rep. 233.

The judgment of the District Court as to contempt and attorney fees in the prior District Court action is affirmed. The determination of the District Court with respect to arrearage and maintenance is reversed and the cause is remanded with instructions to the District Court after hearing to find and determine a proper sum for maintenance to be paid by husband to the wife from and since the date of her application for modification with credits thereon to be accorded the husband for any amounts of maintenance paid in that period. The District Court shall further determine such attorney fees as may be proper for the prosecution of this appeal to be awarded to the wife, plus her costs in this Court, and any other further relief meet in the cause, including additional attorney fees and costs in any retrial of the maintenance issue.

John C. Shuehy
_____
Justice

-8-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices