No. 82-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF
PHILLIP LYLE BOLSTAD,

Defendant and Respondent,

and

BRENDA SUE BOLSTAD,

Petitioner and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

Towe, Ball, Enright & Mackey, Billings, Montana

For Respondent:

Alan J. Lerner, Big Fork, Montana

Submitted on briefs: January 27, 1983

Decided: March 10, 1983

Filed: MAR 10 1983

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant (wife) petitioned the District Court of the Thirteenth Judicial District in Yellowstone County, seeking to enforce the terms of a property settlement agreement she executed with respondent (husband) on October 10, 1979. Husband counter-petitioned requesting his payment of maintenance pursuant to the agreement, be terminated. On September 15, 1982, the District Court issued an order modifying the property settlement agreement by eliminating husband's maintenance obligation as of October 1, 1982. Wife appeals.

The parties married December 21, 1968. On October 10, 1979, they filed a joint petition for dissolution of marriage. With their petition they filed a separation and property settlement agreement. Among other things, the agreement obligates husband to pay to wife $375 as maintenance until she dies or is remarried. Paragraph fourteen of the agreement states: "Insofar as is legally permissible, this agreement may not be modified by any Court." On October 12, 1979, the District Court entered its decree of dissolution. The District Court found the separation and property settlement agreement "is not unconscionable."

On June 15, 1982, wife petitioned the District Court to order husband to appear and show cause why he had not complied with certain provisions of the property settlement agreement. On July 7, 1982, husband cross-petitioned for an order terminating his obligation to pay wife $375 per month as maintenance. On September 15, 1982, the District Court modified the decree of dissolution by eliminating husband's maintenance obligations. Wife appeals.

The issues raised on appeal are as follows:

1. Whether the District Court erred in modifying husband's maintenance obligation when the property settlement agreement contained a nonmodifiability clause;

2. Whether the District Court properly ordered each party

- 2 -

pay their own reasonable attorney fees and costs.

Husband contends wife did not properly raise the first issue at the District Court. Husband claims if wife was going to rely upon the nonmodifiability clause she should have filed a motion to dismiss husband's petition for modification or informed the District Court of her theory at the hearing. The relevant portion of the transcript of the August 30 hearing reveals an effort by wife's counsel to raise the issue:

> "Q. And you entered into the property settlement agreement in 1979 freely and voluntarily, isn't that correct? A. That's correct.
>
> "Q. And you read that agreement before you signed it? A. Of course.
>
> "Q. And you noted and came to an agreement --
>
> "MR. LERNER: Objection, Your Honor. We are getting a little far afield here.
>
> "THE COURT: What is your objection?
>
> "MR. LERNER: Basically irrelevant and all preceding to the irrelevancy itself.
>
> "THE COURT: Sustained.
>
> "MR. LERNER: Thank you.
>
> "Q. (By Mr. Todd) You signed an agreement. You fully understood it, correct?
>
> "MR. LERNER: Same objection, Your Honor.
>
> "THE COURT: Sustained."

The nonmodifiability clause was also raised via husband's response to wife's petition, and the issue was raised in the pleadings:

> "4. Although paragraph 14 of the Separation and Property Agreement states no modification can be made if legally permissible, there has been a change of circumstances in PHILLIP BOLSTAD'S earnings which requires modification of spousal maintenance and support and is such as contemplated by Montana law and the Agreement at the time." (Emphasis added.)

We find the issue has been sufficiently raised for our consideration. Under the Uniform Marriage and Divorce Act, parties entering into a written separation agreement upon their separation or the dissolution of the marriage, may preclude modification of the terms of their agreement at a later date. Section

40-4-201(6), MCA, states: "Except for terms concerning the support, custody, or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

In the recent case of Rowen v. Rowen (1982), ___ Mont. ____, 649 P.2d 1259, 1262, 39 St.Rep. 1423, this Court implied a District Court does not have power to modify maintenance terms where the parties expressly precluded modification in their separation agreement: "The separation agreement does not expressly preclude or limit modification of its maintenance terms. The District Court therefore has power to modify such provisions by modifying the decree."

This position is consistent with the Colorado case of In Re Marriage of Thompson (1982), _ _ Colo. ____, 640 P.2d 279. In Thompson the parties entered into a separation agreement which obligated the husband to pay maintenance of $650 per month until the family home was sold or until April 1985, when maintenance would be reduced to $400 per month. The agreement also stated: "No modification of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement." When the District Court reduced maintenance to $325 per month at a hearing in 1981, the Colorado Supreme Court reversed holding it was error for the District Court to reduce maintenance when the separation agreement expressly precludes modification. The Colorado Supreme Court relied on section 14-10-112(b), C.R.S. 1973, which is identical to our statute, section 40-4-201(6), MCA.

Husband asks this Court to uphold the modification of the District Court. He relies upon decisions from various jurisdictions. Husband claims these jurisdictions have sometimes upheld modification depending upon where the nonmodifiability clause rests in the original contract, or depending upon whether the modification action is attacked as from a contractual or jurisdictional standpoint. We do not find the holdings of these cases

- 4 -

to have the far-reaching meaning propounded by husband. We do find the overwhelming authority is consistent with the Thompson rule that where a separation agreement expressly precludes modification or limitation of maintenance, a District Court is barred from later modifying the terms of the agreement.

Both parties have asked for attorney fees on appeal. Paragraph thirteen of the separation and property settlement agreement states: "Should any future action be commenced to enforce, modify or interpret any provision of this agreement, the Court shall award reasonable attorneys fees for the successful party as a cost of suit." Here, wife is the successful party and according to the agreement, she must be awarded reasonable attorney fees.

Reversed and remanded to the District Court for further proceedings in accordance with this Opinion including the fixing of attorney fees both in the District Court and on appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -