No. 83-225

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

IN RE THE MARRIAGE OF
PATRICIA ANN GIBSON,

Petitioner and Appellant,

and

HARLEY GIBSON,

Respondent and Respondent.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ferguson & Mitchell, Missoula, Montana

For Respondent:

Datsopoulos, MacDonald & Lind, Missoula, Montana

_____

Submitted on Briefs: July 21, 1983

Decided: November 3, 1983

Filed: NOV 3 - 1983

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Patricia Ann Gibson (Wife) appeals from a judgment of the District Court of the Fourth Judicial District. That judgment concluded that interest on $7,500 due from Harley Ross Gibson (Husband) to Wife should accrue from March 7, 1983, the date of the judgment. It ordered that each party bear his or her own attorney fees. We reverse the judgment of the District Court.

The following issues are presented on appeal:

1. Can a property settlement agreement, incorporated into a dissolution decree, be modified by oral agreement?

2. Was there substantial evidence to support the District Court's finding that the parties effected an oral modification of the dissolution decree?

3. When did interest begin to accrue on the property payment due from Husband to Wife?

4. Did the District Court abuse its discretion by failing to award attorney fees to the prevailing party in the enforcement action?

The parties chose to dispose of their marital property by executing a property settlement agreement, which they entered into on November 15, 1979, was approved by the court, and was incorporated into the dissolution decree on that same date. The agreement provides in part:

> "That in payment for Wife's interest in the property and for maintenance, Husband will pay to Wife a total sum of TEN THOUSAND DOLLARS ($10,000.00) with TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) due and payable on the date of the final decree of dissolution of marriage and the remaining SEVEN THOUSAND FIVE HUNDRED ($7,500.00) due six (6) months from the date of the final decree of dissolution of marriage." (emphasis added)

The agreement makes no mention of the real property owned by the parties as joint tenants at that time. Nothing in the

2

agreement or the decree indicates that the $7,500 payment was conditioned upon funds becoming available from a particular source or upon Husband's ability to satisfy the obligation. The agreement further provides that:

"Should any action be commenced to enforce, modify, or interpret any provisions contained herein, the Court, as a cost of suit, shall award a reasonable attorney's fee to the successful party." (emphasis added)

On February 14, 1983, Wife filed a Motion for Order to Show Cause why Husband should not be held in contempt for failure to pay Wife $7,500 in 1980, as ordered by the court. Wife also requested the court to order Husband to pay interest on the amount due, as well as reasonable attorney fees and costs incurred in bringing the enforcement action. A hearing was conducted April 4, 1983.

Husband admitted that he owed the Wife $7,500. He testified that it was his understanding at the time of the dissolution decree that the $7,500 was to be obtained "from the sale of the only asset that we had at that time, which was a piece of land." He also testified that it was his understanding that the $7,500 would be paid as soon as the land was sold.

"Q. So whether it was six months as indicated in the decree or earlier or later, it was your understanding it would be paid when the land turned?

"A. That's right."

A balloon payment on the real property fell due in the spring of 1980. The seller denied Husband's request for an extension of time. Husband borrowed funds from a bank to make a timely payment to seller. As a condition precedent to the bank loan, the bank required that Wife's name be removed from the property title. The bank provided a quitclaim deed to the Husband, who forwarded it to the Wife. He testified

3

that the Wife agreed to the transaction, but he specifically denied that the deed indicated anything about Wife's understanding as to when she would be paid.

> "Q. And did you indicate to her anything about the payment of her seventy-five hundred dollars at that time?
>
> "A. No -- well, I believe all I would have said was that the bank has requested that you sign the land over to me so that they will take the mortgage on it, and it was more for their convenience than anything else, as I remember it."

Husband presented no evidence as to Wife's understanding of when the $7,500 obligation would be paid.

Wife testified that she signed the deed before Husband's payment was due. As far as she was concerned, Husband's bank transaction and his obligation to her were separate and distinct. She testified that it was her understanding that $7,500 was due to her six months from the time of the divorce, i.e. on May 16, 1980.

> "Q. Did you at any point agree to wait until the land was sold?
>
> "A. No, Ross kept telling me, 'You will get your money when the land sells,' but I said, 'I want my money as soon as possible.'"

On cross-examination, the Wife was asked whether she demanded payment at the time she signed the quitclaim deed. She testified that she told Husband she wanted her money and he told her, "You will get it when the land sells." She explained that prior to this enforcement action, she and her attorney had made numerous demands for payment. Wife concluded she had been "overly generous" in not instituting legal proceedings against Husband earlier.

The District Court's Findings of Fact, Conclusions of Law and Order of March 7, 1983 provide in pertinent part:

> "The parties entered into a verbal agreement which was not specifically set forth in the Marital and Property Settlement Agreement, that the balance of the Ten Thousand Dollar ($10,000.00) amount for the

4

wife's interest in the property and for maintenance would be paid upon sale of the specific real property described above. The Petitioner agreed to accept such payment for her interest in the land and for maintenance." Finding of Fact No. 4.

"Despite the fact that the Marital and Property Settlement Agreement provided that the sum of Seven Thousand Five Hundred Dollars ($7,500.00) was due from Respondent to Petitioner six (6) months from the final Decree of Dissolution, Petitioner, in accordance with the verbal agreement of the parties, took no action until February 14th, 1983, the date of the Order to Show Cause herein, in attempting to obtain payment of the Seven Thousand Five Hundred Dollars ($7,500.00) amount." Finding of Fact No. 8.

"Both parties are financially able to pay their own costs and expenses in this matter." Finding of Fact No. 10.

"Respondent shall have until May 1st, 1983 to pay to the Petitioner the full sum due plus interest as hereinafter set forth." Conclusion of Law No. 3.

"Petitioner is entitled to interest on the Seven Thousand Five Hundred Dollar ($7,500.00) amount only from the date of this Judgment at the statutory rate." Conclusion of Law No. 5.

The court ordered Husband to pay Wife $7,500, plus interest accrued at the statutory rate from March 7, 1983. The court further ordered that if payment were not made on or before May 1, 1983, the court would order the property sold and Wife might be entitled to a deficiency judgment.

I.

Modification of a provision for maintenance or property disposition is governed by section 40-4-208, MCA. Although the property settlement agreement provided that $10,000 would be paid by Husband "for Wife's interest in the property and for maintenance," both parties treated this as a property disposition provision on appeal.

Section 40-4-208(3), MCA provides:

"(3) The provisions as to property disposition may not be revoked or modified by a court, except:
(a) upon written consent of the parties; or
(b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."

5

The District Court made no findings or conclusions indicating that there were conditions that justified the reopening of the 1979 decree. No evidence of oppression, fraud or malice was presented at the show cause hearing.

Husband argues on appeal that the quitclaim deed executed by the Wife constitutes "written consent" on her part to be paid when Husband sold the property. The quitclaim deed was not offered as evidence at the hearing and is not part of the record on appeal. Husband's assertion of written consent is contradicted by the District Court's specific finding that the parties entered into a verbal agreement. Both parties testified that Wife's signing of the deed was a condition required by the lender bank, not an agreement to postpone the due date of the property settlement payment.

Section 40-4-208(3), MCA specifies that a provision as to property disposition may not be modified by a court unless the parties have consented in writing to the modification or the court finds conditions that justify reopening the original decree. We hold that the District Court's modification of this provision of the parties' agreement was a clear abuse of discretion. Since this holding nullifies the second issue on appeal, we proceed to the question of interest.

II.

The parties' settlement agreement made no provision for accrual of interest on the amount due from Husband to Wife. Husband argues on appeal that because the parties orally agreed to postpone the due date of the payment, interest should not begin to accrue until March 7, 1983, the date of the District Court's modification order. Wife contends that under both judgment and contract law, she is entitled to

6

interest from May 16, 1980, the date the payment was deemed due by order of the court.

Wife relies on Williams v. Budke (Mont. 1980), 606 P.2d 515, 37 St.Rep. 228. There, we held that when the marital dissolution decree is silent as to interest, such interest is automatically collectible by the judgment creditor spouse on past due payments for support or maintenance, the same as any other money judgment. Williams, 606 P.2d at 519, 37 St.Rep. at 234. More recently in Torma v. Torma (Mont. 1982), 645 P.2d 395, 398, 39 St.Rep. 839, 842, this Court reiterated that interest is automatically collectible by the judgment creditor spouse on past due child support payments, absent a contrary provision in the dissolution decree.

Knudson v. Knudson (Mont. 1981), 622 P.2d 1025, 38 St.Rep. 154, is more on point with the present case since interest on a cash award was at issue. Under the Knudson decree, the wife was to receive $13,000 from the husband in September 1978 and $6,000 in September 1979. No such payments were made by the husband. This Court noted that once a person is liable for a money judgment and payment is not made, the person entitled to the judgment is further entitled to a fair rate of interest. "This Court will not allow the husband to avoid paying interest merely by arguing that his wife did not do enough to secure it." Knudson, 622 P.2d at 1027, 38 St.Rep. at 157. We affirmed the lower court's award of interest on the outstanding obligations. Interest accrued from the payment due dates specified in the original decree.

In the present case and in accord with Knudson, we hold that the same principle applies where a decreed lump sum cash payment is past due.

7

Section 25-9-205(1), MCA provides that, unless otherwise specified in the contract, interest at the rate of 10% per annum is payable on judgments recovered in Montana courts. By incorporation into the decree, Husband's obligation to pay Wife $7,500 six months after entry of the final decree became part of the District Court's judgment. We hold that he is liable to the wife for interest accrued at the statutory rate from the date on which payment was due until the date on which payment was made.

Husband alleges in his brief that he made a payment of $7,625.05 to the wife on May 6, 1983. Because the appellate record terminates on April 25, 1983, the date on which Notice of Appeal was filed, this Court cannot verify this assertion. For this reason, we remand the cause for the District Court to determine the date on which payment, if any, was made and to compute the interest due to Wife from Husband from May 16, 1980 to the date on which the principal amount due was paid.

III.

Bolstad v. Bolstad (Mont. 1983), 660 P.2d 95, 40 St.Rep. 344 is on all fours with this case regarding the issue of attorney fees. The Bolstad property settlement agreement stated:

> "Should any future action be commenced to enforce, modify or interpret any provision of this agreement, the Court shall award reasonable attorneys fees for the successful party as a cost of suit."

This language is indistinguishable from the attorney fees provision in the Gibson agreement. In Bolstad, this Court concluded that the wife was the successful party and "according to the agreement, she must be awarded reasonable attorney fees." 660 P.2d at 97, 40 St.Rep. at 347.

We reverse the order of the District Court and remand the cause for determination of whether payment of the $7,500

8

due from husband to wife has been made; for determination of interest owing on the $7,500 from May 16, 1980 to the date on which the principal amount was paid; and for determination of the reasonable attorney fees to be awarded to the wife.

_____
Justice

We concur:

_____

_____

_____

_____
Justices