No. 83-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

MOLLY STRONG,

Petitioner and Appellant,

-vs-

BILLY RAY WEAVER,

Respondent and Respondent.

_____

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard DeJana, Kalispell, Montana

For Respondent:

George B. Best, Kalispell, Montana

_____

Submitted on Briefs:  April 18, 1984

Decided:  July 23, 1984

Filed:

_____

Ethel M. Harrison

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Petitioner wife, Molly Strong, appeals an order of the Flathead County District Court modifying a previous order that had defined the "reasonable visitation" rights of the respondent husband, Billy Ray Weaver. The wife had not appealed the previous order. The trial court modified the previous visitation schedule after it held a contempt hearing to determine whether the wife had been denying the husband his rights under that previous order. The trial court subsequently found the wife in contempt. There was no separate visitation hearing, nor was the appealed order supported by findings of fact and conclusions of law. We vacate the appealed order and remand the cause to the District Court for a visitation hearing.

The wife presents only one issue. That is whether the trial court had jurisdiction to modify the previous visitation order without holding a visitation hearing and without entering findings and conclusions that the modification was in the "best interest" of the child under section 40-4-217(3), MCA.

Custody of the parties' infant child, Anneve, was awarded to the wife under the decree of dissolution of marriage entered June 21, 1979. At that time, the husband was awarded "reasonable (child) visitation" rights. The husband was compelled three times to petition the court to order visitation because the wife was not providing him with "reasonable visitation." On the third time, the husband petitioned the court to clarify the terms "reasonable visitation" by setting out a specific visitation schedule,

and the court did so. That visitation schedule was later modified by the court after the contempt hearing, granting increased visitation rights to the husband, and the wife appeals that modification order.

Section 40-4-217(3), MCA, controls the modification of a visitation order. That section provides that the order may be modified " . . . whenever (it) would serve the best interest of the child;. . ." That section contemplates a visitation hearing and a finding that any modification would be in the child's "best interest." Further, this ultimate finding must be supported by findings and conclusions so that the parties are informed of the basis of the court's decision, and so that this Court may effectively review the trial court's determination. Jones v. Jones (Mont. 1980), 620 P.2d 850, 37 St.Rep. 1973. Here there was no visitation hearing, no finding in the order that the modification was in the "best interest" of the child, and no findings and conclusions to support the order.

We vacate the June 13, 1983 visitation order and remand this cause for a visitation hearing. Any modification order regarding visitation must be supported by findings and conclusions.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 3 -

John L. Shelly

Justices