No. 92-541 and 92-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF
GAIL L. BOYER,

> Petitioner and Appellant,

and

THOMAS M. BOYER,

> Respondent and Respondent.

and

IN RE THE MARRIAGE OF
STANLEY SCOTT OVERMAN,

> Co-Petitioner and Appellant,

and

KARLEEN GRAMER OVERMAN,

> Co-Petitioner and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

> For Appellants:

> Mark Bauer, Attorney at Law, Great Falls, Montana

> For Respondents:

> Daniel L. Falcon, Matteucci, Falcon,
Squires & Lester, Great Falls, Montana

FILED

OCT 21 1993

Filed:

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: April 30, 1993

Decided: October 21, 1993

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Gail Boyer, petitioner in Cascade County Cause No. CDR 87-264, and Stanley Overman, petitioner in Cascade County Cause No. CDR 87-455, moved the District Court for the Eighth Judicial District in Cascade County to modify visitation in their respective dissolution proceedings. The motions were first consolidated and then denied by the District Court. Petitioners appeal the denial of their motions. We affirm the District Court.

There are three issues on appeal.

1. Did the District Court abuse its discretion when it denied appellants' request to modify the existing visitation plans?

2. Did the District Court err when it adopted respondents' proposed findings of fact, conclusions of law, and order?

3. Did the District Court err when it awarded attorney fees to respondents?

Gail Boyer and Thomas Boyer were married on August 7, 1981. They had two children together during their marriage. Their marriage was dissolved on April 20, 1988. In the final dissolution decree, the District Court granted joint custody of the Boyer children to Gail and Tom. Gail was awarded primary physical custody and Tom was allowed reasonable visitation at the times specified in the parties' separation agreement.

According to the District Court order, Tom's visitation with his children included six weeks in the summer, alternating weekends, and alternating legal holidays. During Tom's summer

2

visitation, Gail was allowed to visit with the children on two weekends.

Karleen Overman and Stanley Overman were married on September 19, 1982. Karleen and Stanley also had two children during their marriage. Their marriage was dissolved on September 16, 1987. In the final dissolution decree, the District Court awarded joint custody of the Overman children to Karleen and Stanley, gave Karleen primary physical custody, and allowed Stanley reasonable visitation. Pursuant to the District Court order, Stanley's visitation included, but was not limited to, alternating weekends of each month, alternating Christmas and Thanksgiving holidays, and one month per summer (if both Karleen and Stanley reside within the same state) or the entire summer (if Stanley resides within a separate state or is stationed overseas).

After entry of the final dissolution decrees in each case, Gail Boyer, now known as Gail Overman, married Stanley Overman. Karleen Overman, now known as Karleen Boyer, married Tom Boyer. Pursuant to the dissolution decrees in each case, the Boyer children and the Overman children began residing with their mothers during the week and visited with their fathers at the times specified in the respective District Court orders. Eventually, the parties worked out an arrangement whereby the four children would spend the weekends together: one weekend the Overman children would go to the Boyer home, and the next weekend all four children would go back to the Overman home.

3

On May 8, 1992, five years after the existing visitation plans had been implemented, Stanley and Gail each filed a motion and a plan to modify visitation between the children of each family and their fathers to provide similar and equal visitation. In supporting affidavits, Stanley and Gail contended that the variations in the fathers' visitation schedules were causing problems with the Overman children. Specifically, Stanley and Gail were concerned about the different summer visitation schedules. They asserted that the Overman children could not understand why they were not allowed to see their father as much as the Boyer children were allowed to see theirs.

The District Court heard arguments on the motions to modify visitation in both cases at a consolidated hearing on July 7, 1992. At the hearing, Stanley and Gail proposed a modified three-year visitation plan that differed from the plan that they suggested when they filed their motion. Stanley testified that the primary purpose behind the proposed plan was to equalize the amount of time the children visited with their fathers, and to allow Stanley to have time with his children independent from the Boyer children.

The proposed plan provided that each father would have four weeks of summer visitation. At the hearing, Stanley admitted that the proposed plan would reduce the six weeks of visitation time that Tom was entitled to under his existing visitation schedule. Tom and Karleen did not oppose equal visitation but objected to the proposed plan because it required Tom to relinquish visitation time.

4

Tom and Karleen testified that it would not be in the children's best interests to modify the existing visitation plans. They asserted that the current schedules, which had been in effect for five years, worked well because they were stable plans and they were understandable to the children. Tom and Karleen testified, and Stanley and Gail conceded, that the parties have accommodated in the past each other's requests to alter the existing summer visitation schedules to meet their respective needs.

After the hearing, the District Court denied Stanley and Gail's motion to modify visitation. The court adopted verbatim Tom and Karleen's proposed findings of fact, conclusions of law, and order, and made the findings and conclusions applicable to both cases.

In its order, the court found that Stanley and Gail failed to demonstrate that modification of the existing visitation plans was in the children's best interests. The court found that adoption of the proposed visitation schedule would require Tom to relinquish time with his children, and that this would be detrimental to Tom's children. The court also found that Tom and Karleen had accommodated Gail and Stanley's requests to alter the visitation plans in the past and a new visitation schedule would not make the parties cooperate any more with one another than they have in the past. The court determined that the visitation plans in existence were workable and reasonable, even though there were minor differences.

5

Finally, the court awarded attorney fees to Tom and Karleen for successfully responding to the motions for modification. The court based its decision upon a clause in Tom and Gail's separation agreement. The court also indicated that it had the power to award attorney fees pursuant to §§ 40-4-110 and 37-61-421, MCA.

Gail and Stanley filed a motion to reconsider the visitation issue. When the District Court failed to rule on their motion, Stanley and Gail filed a notice of appeal in both cases.

I

Did the District Court abuse its discretion when it denied appellants' request to modify the existing visitation plans?

On appeal, Stanley and Gail (appellants) assert that the District Court abused its discretion when it denied their motion to modify and equalize the visitation schedules. They contend that it is in the best interests of all four children involved to provide a similar and equal visitation schedule between the fathers and their children. Appellants assert that Tom and Karleen (respondents) do not object to equalized visitation.

Respondents assert that the appellants' proposed visitation plan is unacceptable for several reasons. First, they contend that appellants' proposal would have forced Tom to give up time with his children. Second, it would have altered a plan for upcoming Christmas visitation that was previously agreed upon among the parties. Third, it was more confusing than the existing plan, and therefore, it would have been detrimental to the children.

6

Finally, it was not in the best interests of the children to alter a stable plan that has worked well for five years.

The standard of review for custody and visitation is whether substantial credible evidence supports the district court's judgment. *In re Marriage of Nash* (1992), 254 Mont. 231, 234, 836 P.2d 598, 600. The findings will be sustained unless they are clearly erroneous. *In re Marriage of Susen* (1990), 242 Mont. 10, 13-14, 788 P.2d 332, 334. We will overturn a trial court's custody decision only when there is a clear showing of an abuse of discretion. *In re Marriage of Rolfe* (1985), 216 Mont. 39, 44, 699 P.2d 79, 82.

Section 40-4-217(3), MCA, provides that a court may modify a visitation order "whenever modification would serve the best interest of the child . . . ." *Strong v. Weaver* (1984), 211 Mont. 320, 683 P.2d 1330. In this case, the District Court determined that it was not in the best interests of the children to modify the existing visitation plans between the fathers and their children.

Our review of the record reveals that there is substantial credible evidence to support the District Court's findings and conclusions. The District Court established the visitation schedules in the original decrees based on the children's best interests. Appellants admitted at the hearing on their motion to modify that their proposed plan to equalize visitation would require Tom to relinquish summer visitation time that he has had with his children for five years. The record reveals that appellants failed to show how reducing Tom's time with his children

7

would serve the Boyer children's best interests. Accordingly, we hold that the court did not abuse its discretion when it denied appellants' request to modify the existing visitation plans.

## II

Did the District Court err when it adopted respondents' proposed findings of fact, conclusions of law, and order?

Appellants assert that the District Court erred when it adopted respondents' proposed findings, conclusions, and order verbatim. They assert that the adopted findings and conclusions are unsupported by the evidence.

A court's verbatim adoption of the prevailing party's proposed findings, conclusions, and judgment is not prohibited. *Wolfe v. Webb* (1992), 251 Mont. 217, 229, 824 P.2d 240, 247. "[W]e have approved the verbatim adoption of findings and conclusions where they are comprehensive and detailed and supported by the evidence." *Wolfe*, 824 P.2d at 247.

Upon review of the record in this case, and the trial court's findings and conclusions, we hold that the District Court did not err in adopting respondents' proposed findings, conclusions, and order. The findings and conclusions are supported by the evidence.

## III

Did the District Court err when it awarded attorney fees to respondents?

The separation agreement between Tom and Gail provided:

Should any action be commenced to enforce, modify or interpret any provisions contained herein, the Court, as

8

a cost of suit, shall award a reasonable attorney fee to the successful party.

We conclude that the attorney fee provision in Tom and Gail's separation agreement is binding. The provision is clear that, should any action be commenced to modify any provision in the separation agreement, the prevailing party shall receive attorney fees. Respondents are the successful parties in this case, and therefore, they are entitled to attorney fees.

Both parties request attorney fees on appeal. This Court has awarded attorney fees on appeal when the parties' separation agreement provides for such. *In re Marriage of Bolstad* (1983), 203 Mont. 131, 660 P.2d 95. Pursuant to Tom and Gail's separation agreement, the prevailing party is entitled to reasonable attorney fees. Accordingly, since respondents are the successful parties in this case, they are also entitled to reasonable attorney fees incurred to respond to this appeal.

We remand this case to the District Court to determine reasonable costs and attorney fees incurred by respondents on appeal.

The judgment of the District Court is affirmed.

_____
Justice

9

We concur:

_John Conway Harrison_

_Karla M. Gray_

_William E. Hunt_

_Fred J. Weber_
Justices

October 21, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Mark Bauer
Attorney at Law
P.O. Box 1423
Great Falls, MT  59401

Daniel L. Falcon
Matteucci, Falcon, Squires & Lester
P.O. Box 149
Great Falls, MT  59403-0149

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy