No.   93-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

KAYLA COX,

    Petitioner/Respondent,

    and

JERRY COX,

        Respondent/Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Richard J. Carstensen, Attorney Pro Bono, Billings,
        Montana

        For Respondent:

        R. V. Bottomly, Great Falls, Montana

Submitted on Briefs:   June 16, 1994

Decided:   August 5, 1994

FILED

Filed:   AUG 5 - 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

                                          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Jerry Cox, Appellant before this Court, and Respondent in the District Court dissolution proceedings below (Jerry or Respondent), appeals an order of the Eighth Judicial District Court, Cascade County, dismissing without a hearing his motions regarding visitation, support, and motion for a temporary restraining order. Jerry also appeals the court's inclusion in its dismissal certain rulings regarding child support, costs and attorney fees, and conditions as to visitation. We reverse and remand for further proceedings consistent with this opinion.

Jerry raises two issues on appeal:

1. Did the District Court err in denying Respondent a hearing on his motions to modify visitation, child support, and motion for a temporary restraining order?

2. Did the District Court err by including various rulings in its Order of Dismissal relative to child support, attorney fees and costs, and conditions as to visitation when it did not hear any evidence concerning the rulings.

This action began as a dissolution proceeding in June of 1988, when Kayla Cox (Kayla or Petitioner), filed a Petition for Dissolution. A Final Decree of dissolution was filed on March 8, 1989. The decree awarded Jerry visitation rights and ordered him to pay child support for the parties' two minor children.

In the spring of 1990 Jerry became disabled and applied for Social Security benefits. In October of 1992, he was awarded Social Security disability benefits, retroactive to April 1990. On November 12, 1992, Kayla had a Writ of Execution levied upon the Social Security Administration to secure past due child support,

2

medical care and attorney fees for the sum of $26,815.52. The writ required that Jerry's obligation for past due child support be satisfied from past-due Social Security benefits which were payable to Jerry in a lump-sum. The writ also required the Social Security Administration to withhold $300.00 per month from future disability payments made to Jerry to satisfy the payment of the monthly child support provided for in the decree.

On March 1, 1993, Jerry moved the court for a modification of visitation and support and moved the court to issue a temporary restraining order restraining Kayla from executing upon his Social Security benefits until a hearing could be held concerning how the Social Security benefits should be distributed. On May 17, 1993, Kayla moved to dismiss Jerry's motion for modification on the grounds that Jerry had no standing to request any relief, because according to Kayla, he had refused to comply with any prior court order connected to the dissolution and subsequent proceedings.

The parties appeared before the Honorable Thomas McKittrick on May 27, 1993. Kayla was represented by counsel, and Jerry appeared pro se. After hearing argument from Kayla's counsel supporting her motion to dismiss, and Jerry's response to the argument, the District Court dismissed the motion to modify without allowing either party to present any evidence in support of their motions.

The District Court reduced to writing its ruling granting Kayla's motion to dismiss in an order dated June 11, 1993. Included in the Order of Dismissal were the following rulings: (1) the lump sum Social Security benefits had been attached by the Writ

3

of Execution and so that issue was moot; (2) the lump sum Social Security benefits were insufficient to fulfill Jerry's past due child support obligation, and therefore he was still in default of his obligation to pay child support and other liabilities imposed under the decree in the amount of $11,197.96; (3) that the court would not modify visitation or child support until Jerry complied with orders of the court and until he paid in full his past child support obligation, attorney fees and costs. The District Court also made additional rulings as to visitation and ordered Jerry to fulfill certain conditions, such as attend psychological testing and undergo a home environment study, before the court would modify visitation.

## I.   FAILURE TO PROVIDE A HEARING

The first issue Jerry raises on appeal concerns whether the District Court erred in denying him a hearing on his motions to modify. Jerry argues that before the District Court can dismiss his motions, he is entitled to a hearing where he can present evidence to support his motions.

The standard for this Court in reviewing discretionary trial court rulings is whether the trial court abused its discretion. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-04. While acknowledging the frustration of the District Court (and of opposing counsel), as evidenced by the record, we, nevertheless, conclude that the court's rulings at issue here were an abuse of discretion.

### A. CHILD SUPPORT

4

Jerry argues that the District Court erred when it denied him the opportunity to present evidence in support of his motion to modify child support. Child support provided for in a decree may be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA. Accordingly, it is essential that an evidentiary basis support any finding that it either would or would not be unconscionable to continue the child support payments set forth in the decree. Gall v. Gall (1980), 187 Mont. 17, 20, 608 P.2d 496, 498.

In the instant case there was no evidentiary basis for the District Court's dismissal of Jerry's motion to modify. The District Court summarily dismissed the motion without providing Jerry the opportunity to present any evidence. According to the statutory language, Jerry was entitled to make a showing of changed circumstances. We therefore hold that the court abused its discretion in denying Jerry this opportunity.

Kayla argues that Jerry does not come to the court with clean hands as he did not voluntarily make his child support payments. Therefore, according to Kayla, the District Court had the equitable power to dismiss Jerry's motions without providing a hearing. While we recognize the principle that one seeking equity must do equity, and that the nonpayment of child support is inequitable, our statutes do not require that child support obligations be current, before a party petitions for modification. Section 40-4-208, MCA; In re the Marriage of Carlson (1984), 214 Mont. 209, 214,

5

693 P.2d 496, 499.

## B. VISITATION

Jerry also contends the District Court erred in dismissing his motion for modification of visitation without providing him a hearing on the motion. According to § 40-4-217(3), MCA, a visitation order may be modified "whenever modification would serve the best interest of the child." This Court has previously held that this section contemplates the trial court hold a visitation hearing and issue findings that modification would be in the child's best interest. Strong v. Weaver (1984), 211 Mont. 320, 321-22, 683 P.2d 1330, 1331.

In the instant case the District Court did not hold a visitation hearing. In addition, the District Court made the following finding in support of its order dismissing Jerry's motion to modify visitation:

> The Court sees no reason to make any changes respecting visitation or to modify child support obligations. The Respondent is not in any position to request such assistants [sic] from the Court until such time as the Respondent gets into compliance with the Orders of the Court and establishes a course of action that would demonstrate an interest in visiting his children and seeing to it that the past due child support obligation is paid in full and to pay attorneys fees and costs required to bring him into compliance with the Court's Order.

It is apparent from court's order that the court conditioned modification of the visitation arrangements set forth in the decree upon Jerry's compliance with his child support payments. This ruling was in error. See, In re the Marriage of Harper (1988), 235 Mont. 41, 46-47, 764 P.2d 1283, 1286; and State ex rel. Dewyer v.

Knapp (1984), 208 Mont. 19, 22, 674 P.2d 1104, 1106, affirmed in Matter of Adoption of K.L.J.K. (1986), 224 Mont. 418, 421, 730 P.2d. 1135, 1137. Section 40-4-109, MCA, provides that visitation and support are independent of each other. See also, § 40-5-124, MCA (1991), in effect at the time of the court's rulings. Therefore we hold that the District Court erred in dismissing Jerry's motion to modify visitation without holding an evidentiary hearing.

## II. INCLUSION OF ADDITIONAL RULINGS

The second issue Jerry raises on appeal concerns whether the District Court erred by including various rulings in its Order of Dismissal relative to child support, conditions as to visitation, and attorney fees and costs, when it did not hear any evidence concerning the rulings.

## A. CHILD SUPPORT

Jerry contends that it was error for the District Court to make a finding that he owed past due child support and other liabilities imposed under the original decree in the amount of $11,197.96, when no evidence supporting that determination was presented to the court. It appears from the record that the District Court simply adopted the arrearage figure set forth in Kayla's brief and included that figure in its Order of Dismissal, when it found Jerry was liable for $11,197.96 in unpaid child support and other liabilities imposed under the original decree.

This Court has previously held that a trial court cannot base child support upon speculation. Duffey v. Duffey (1981), 193 Mont.

7

241, 244, 631 P.2d 697, 699. (Citation omitted.) In the instant case the District Court did not hear evidence from either party as to the amount of child support arrearage. Because no evidence was presented supporting its determination of the amount of child support arrearage, we hold that the District Court's conclusion that a portion of the $11,197.96 was due for past due child support, was speculative and should not have been included in the Order of Dismissal. Similarly, no evidence was presented demonstrating the amount of other obligations Jerry is allegedly responsible for according to the terms of the original decree.

## B. VISITATION

In its Order of Dismissal, the District Court ruled that it would not modify Jerry's visitation rights until he had fulfilled the following conditions: (1) have a home environment study conducted at his expense; (2) undergo psychological testing; (3) communicate his visitation requests directly to Kayla, and not the children; and (4) give sufficient advance notice of an agreeable time and place of visitation before it could take place. Jerry alleges it was error for the District Court to include conditions as to visitation in its order when he was not given the opportunity to testify or present evidence on the visitation issue. We agree.

Section 40-4-217(3), MCA, provides that a court may modify a an order granting or denying visitation rights whenever it finds modification would serve the best interests of the child. See also, In re the Marriage of Firman (1980), 187 Mont. 465, 468, 610 P.2d 178, 180.

8

While in order to intelligently and fairly rule on a parent's motion to modify visitation, the court may need to develop the evidentiary record with the sort of information contemplated by (1) and (2) of the court's order, and while, on the basis of the evidentiary record before the court, it may ultimately be appropriate for the court to condition visitation with the sorts of requirements contemplated by (3) and (4), it is equally clear that such requirements and conditions can be imposed in connection with a parent's motion to modify visitation only on the basis of evidence developed in conjunction with a visitation hearing or hearings of which the parties have appropriate notice and opportunity to testify. Moreover, such conditions and requirements may be imposed only if doing so would serve the children's best interests. Strong v. Weaver, 683 P.2d at 1331; In re the Marriage of Firman, 610 P.2d at 180.

We hold that the District Court erred by imposing the referenced conditions and requirements without affording Jerry the opportunity for a hearing on his motion and without determining that such conditions and requirements would serve the best interests of the children.

## C. ATTORNEY FEES AND COSTS

The District Court awarded Kayla attorney fees and costs in conjunction with her attempt to secure child support payments. Jerry alleges it was error to include the award of attorney fees in the Order of Dismissal when he was not given the opportunity to present evidence to refute the claim. Again, we agree.

It is clear that a court may in its discretion, after considering the financial resources of both parties, award attorney fees incurred by a party in maintaining or defending a proceeding to secure child support payments. See, § 40-4-110, MCA. Moreover, this Court will not disturb the award of attorney fees if it is supported by substantial evidence. In re the Marriage of Barnard (1990), 241 Mont. 147, 154, 785 P.2d 1387, 1391-92. The evidence presented must demonstrate that the attorney fees and costs are reasonable. In re the Marriage of Aanenson (1979), 183 Mont. 229, 236, 598 P.2d 1120, 1124. To make the showing, a hearing must be held allowing for oral testimony, introduction of exhibits, and an opportunity to cross-examine in which the reasonableness of the attorney fees claimed is demonstrated. In re the Marriage of Aanenson, 598 P.2d at 1124.

In the instant case the District Court did not hear any evidence concerning attorney fees. In fact, the issue was never raised at the May 27th hearing. We hold that the District Court erred in awarding attorney fees and costs to Kayla when it did not hear any evidence concerning the necessity for or reasonableness of the award.

In summary, while the sorts of rulings which the court made in this case may be proper if supported by a record developed on the basis of an evidentiary hearing and on due consideration of applicable statutory criteria, it was error for the court to make such rulings without an evidentiary hearing and without providing the parties adequate opportunity to testify and present evidence.

10

Underlying the court's rulings in this case is its apparent frustration with Respondent's failure to comply with prior court orders. On that basis, Kayla argues in her brief that the District Court's rulings were proper under Rule 41(b), M.R.Civ.P. That rule provides for involuntary dismissal of an action for, among other things, "... failure of the plaintiff...to comply with...any order of [the] court." Aside from the fact that Kayla's motion to dismiss Jerry's motion to modify did not refer to Rule 41(b), and is, thus, argued for the first time on appeal, we have held that "... dismissal under Rule 41(b), M.R.Civ.P. is a harsh remedy. Because the result is severe, courts should refrain from dismissing an action or claim unless there is no other adequate remedy available and where the facts sufficiently call for such a result." Chisholm v. First Nat. Bank of Glasgow (1988), 235 Mont. 219, 220, 766 P.2d 868, 869. In this case there is another adequate remedy available to the court in the event that Respondent wrongfully fails or refuses to abide by the court's orders -- namely contempt. Section 40-4-201(5), MCA; see, In re the Marriage of Robbins (1985), 219 Mont. 130, 711 P.2d 1347.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

_____
Justice

We Concur:

_____
Chief Justice

11

_John Conway Harrison_

_Paula M. Shea_

_William E. Hunt_

_Terry Trieweiler_

_Karla Gray_

Justices

August 5, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Richard J. Carstensen
Attorney Pro Bono
P. O. Box 2093
Billings, MT 59103-2093

R. V. Bottomly
Attorney at Law
P.O. Box 1788
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy