No. 02-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 40N

IN RE THE MARRIAGE OF

JACQUELINE DOBROWSKI,

      Petitioner and Respondent,

  and

EDWARD DOBROWSKI,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DR-2000-95,
                Honorable Wm. Nels Swandal, Presiding

COUNSEL OF RECORD:

      For Appellant:

           Kirsten Mull Core, Kirsten Mull Core, P.C., Bozeman, Montana

           Robert J. Quinn, Attorney & Counselor at Law, Bozeman, Montana

      For Respondent:

           Kevin S. Brown, Paoli & Brown, P.C., Livingston, Montana

Submitted on Briefs:  December 19, 2002

Decided:  March 11, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Edward Dobrowski (Edward) appeals from the District Court's judgment establishing child support in the amount of $1,061 per month and ordering Edward to pay a support arrearage of $8,448.50. We affirm the judgment.

¶3 Edward raises three issues for appeal:

¶4 1. Did the District Court err by imputing income to Edward?

¶5 2. Was the District Court's finding of child support based on substantial credible evidence?

¶6 3. Did the District Court follow the Child Support Guidelines in calculating child support?

¶7 We address the issues as follows:

¶8 *Imputed Income*. Edward works as a self-employed contractor who, as of the time of trial, had not filed tax returns since 1998. The District Court ordered him to produce evidence of his earnings. In denying Edward's motion to reconsider, the court cited his refusal to provide proof of income. In his deposition testimony, Edward testified that he makes anywhere from $20 to $25 an hour. Edward also filed a financial affidavit with the District Court in which he swore that he earned between $20 and 25 per hour. Further, the imputed income of $46,800 per year was supported by Edward's prepared (but not filed) income tax return for 1999, showing gross income of over $68,000 and net income of

2

$32,548.  Accordingly, we hold that the District Court did not abuse its discretion when it imputed income to Edward at a rate of $22.50 per hour and $48,000 per year.

¶9      *Does the evidence support the District Court's calculation of child support?*  A district court cannot base its child support calculation on mere speculation.  *In Re Marriage of Cox* (1994), 266 Mont. 67, 73, 878 P.2d 903, 907.  In the present case, the District Court expressly noted that its child support calculation was based upon a review of "all the motions, responses, replies, calculations, and accompanying documentation and attachments by both parties."  We conclude that the District Court's calculation was not based upon speculation but upon substantial credible evidence.

¶10     *Did the court follow the Child Support Guidelines?*  Edward contends that the District Court erred in basing its child support calculation on gross wages, failing to deduct any legitimate business expenses.  He argued to the District Court that his "disposable" income is substantially less than $46,800 per year.  In its order of July 2, 2002, the District Court noted that "gross income" not "disposable" income is the figure used in the child support calculations.  It further noted,

> The Court and the petitioner have encountered numerous difficulties in obtaining any financial information from the respondent during the pendency of this action.  The Court has ample evidence to determine that the respondent is capable of earning an average of $22.50 per hour and has calculated child support based upon that figure. The motion to reconsider is denied.

¶11     Rule 37.62.106(7), ARM, of the Child Support Guidelines provides that income should be imputed whenever a parent is unemployed, underemployed or fails to produce sufficient proof of income.  Given Edward's failure to adequately document his claimed income and expenses in the District Court, we conclude that the District Court's use of imputed income in setting child support complies with the Child Support Guidelines.

¶12 The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER