No. 82-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF
CARL LYNN JOHNSON,

       Petitioner and Appellant,

   -vs-

TRUDY LYNN JOHNSON,

       Respondent and Respondent.

Appeal from: District Court of the Eighth Judicial District,
              In and for the County of Cascade, The Honorable
              Joel G. Roth, Judge presiding.

Counsel of Record:

    For Appellant:

        Ralph T. Randono, Great Falls, Montana

    For Respondent:

        Hartelius & Assoc.; Cameron Ferguson, Great Falls,
        Montana

Submitted on Briefs: May 26, 1983

Decided: August 4, 1983

Filed: AUG 4 1983

*Ethel M. Harrison*

———————————————————
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Carl Lynn Johnson, husband, appeals from an order issued by the District Court of the Eighth Judicial District, Cascade County, granting Trudy Lynn Johnson, wife, an increase in child support payments. We affirm.

The parties were divorced on February 23, 1977. The dissolution decree incorporated a settlement agreement which provides that wife receive custody of the parties' then three-year-old son, and that husband pay $125 per month for child support.

On May 27, 1982, wife filed a motion in the District Court requesting that husband be required to pay all delinquent child support payments and also requesting an increase in child support payments from $125 per month to $200 per month.

A hearing was held on July 7, 1982. Wife testified that at the time of the divorce, she was working three days a week at approximately $3 per hour. She now works full time as a restaurant hostess and earns approximately $440 per month. Wife compared her income, excluding child support, to her monthly expenses, which amounted to over $700. She also testified that the expenses for raising Steven, the parties' eight-year-old son, have substantially increased as Steven has grown older and entered school. In addition, inflation since the parties' divorce has increased the cost of food, clothing, and other items for Steven.

Husband testified that his net income was $924.61 per month and that his expenses, including child support, amount to $825 per month. Since the parties' divorce in 1977, husband also has received annual cost of living salary

increases in his employment with the Great Falls Fire Department and is therefore, earning more now than at the time of the divorce.

After the hearing, the District Court issued its findings of fact, conclusions of law, and order increasing child support payments to $200 per month. The District Court adopted most of wife's proposed findings, refusing only to grant attorney fees and costs. Husband appeals from the District Court's order, and presents the following issues for our review:

1. Whether there is sufficient evidence to support the increase in child support payments?

2. Whether the District Court erred by adopting most of wife's proposed findings of fact and conclusions of law?

Wife also raised the following issue in her brief:

1. Whether the District Court erred by refusing to grant attorney fees and costs?

We affirm the District Court on all issues.

Husband first contends that the District Court erred in increasing his child support obligation. When determining whether the child support obligation in this case should be modified, the District Court is governed by section 40-4-208(2)(b)(i), MCA, which states:

> "Whenever the decree proposed for modification contains provision relating to. . . support, modification. . . may only be made
>
> "(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable."

This Court will reverse the District Court on this issue only if the District Court's findings are clearly erroneous in light of the evidence in the record. Rule 52(a),

M.R.Civ.P.; Reynolds v. Reynolds (1983), _____ Mont. _____, 660 P.2d 90, 40 St.Rep. 321.

Although this is a close case in relation to the evidence presented to prove that an increase in child support is necessary, we do not find that the District Court's findings are clearly erroneous, and must therefore uphold the decision of the District Court. In its findings, the District Court relied upon the increased age and needs of the parties' son and the effect that inflation had upon wife's ability to buy food, clothing, and other items necessary for raising the child. These factors have been relied upon by this Court in several other cases wherein we upheld an increase in child support. See Reynolds v. Reynolds (1983), _____ Mont. _____, 660 P.2d 90, 40 St.Rep. 321, and Baer v. Baer, (1982), _____ Mont. _____, 647 P.2d 835, 39 St.Rep. 1178. In this case, the above-mentioned factors coupled with the fact that wife's expenses exceed her income, demonstrate that the changed circumstances of the parties are so substantial and continuing as to make the terms of the original decree unconscionable. The District Court's findings, therefore, are not clearly erroneous.

Husband next argues that the District Court erred in adopting most of wife's proposed findings of fact and conclusions of law. This issue has been discussed by this Court on numerous occasions. See Parenteau v. Parenteau (1983), _____ Mont. _____, _____ P.2d _____, 40 St.Rep. 815; Baer v. Baer (1982), _____ Mont. _____, 647 P.2d 835, 39 St.Rep. 1178; In re Marriage of Jensen (1981), _____ Mont. _____, 631 P.2d 700, 38 St.Rep. 1109. Although this Court disapproves of wholesale adoption of proposed findings of fact and

conclusions of law, we will uphold the District Court's findings if they are not clearly erroneous.

> ". . . findings and conclusions which are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and which are supported by the evidence. . . will not be overturned simply because the trial court relied upon proposed findings and conclusions submitted by counsel." Parenteau, 40 St.Rep. at 819.

Since the District Court's findings are not clearly erroneous and the conclusions of law properly reflect the laws of Montana, we uphold the order of the District Court.

Finally, wife contends that the District Court erred in refusing to grant attorney fees and costs. We cannot review this issue, however, because wife failed to file a cross-appeal.

> "Although Rule 14 (M.R.App.Civ.P.) provides for review of matters by cross-assignment of error, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of rulings on matters separate and distinct from those sought to be reviewed by the appellant." Johnson v. Tindall (1981), 195 Mont. 165, 169, 635 P.2d 266, 268.

The order of the District Court is affirmed.

_____
                          Justice

We Concur:

_____
    Chief Justice

_____

_____

_____
       Justices

- 5 -