No. 91-520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
DORENE K. BARBER,

Petitioner and Respondent,

and

RANDALL L. BARBER,

Respondent and Appellant.

FILED

APR 21 1992

CL___ ____ Smith
STATE OF SUPREME COURT
OF MONTANA

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Jon A. Oldenburg, Lewistown, Montana

For Respondent:

Stuart R. Whitehair, Bozeman, Montana


Submitted on Briefs: March 19, 1992

Decided: April 21, 1992

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Randall L. Barber appeals from an order entered by the District Court for the Tenth Judicial District, Fergus County, concerning his child support obligation arising from this dissolution of marriage. We affirm.

The issues are:

1. Did the District Court err in granting Mrs. Ruud reimbursement for insurance she purchased and medical bills she paid?

2. Did the court err in modifying the amount of child support and in retroactively applying the modification to the time the motion to modify was filed?

The marriage of Dorene K. Barber (Dorene) and Randall L. Barber (Randy) was dissolved in September 1980. Dorene was granted custody of the parties' two minor children. Randy was ordered to pay child support of $125 per month per child and was to keep in force a Blue Cross health insurance policy for the children.

On January 16, 1990, Dorene filed a motion for increased child support, supported by affidavit. In her affidavit, she stated that a change had occurred in the needs of the children as they got older. She also stated that Randy had failed to pay child support or to keep medical insurance on the children and that the children's grandmother, Mrs. Ruud, had obtained medical insurance and paid medical bills for the children.

Dorene and Mrs. Ruud both testified at the hearing on the motion. Dorene testified, and the record reflects, that Randy has been held in contempt for failure to pay medical bills, property settlement payments, and child support.

Randy testified that in 1984 he lost the lease on the farm he had been operating. He testified that for the next several years he was able to obtain only sporadic temporary employment and was not able to afford health insurance. He testified that he was currently employed fulltime and carried health insurance on the children but that he was earning less money than he earned in 1980.

After the hearing, the District Court ordered Randy to reimburse Mrs. Ruud $2,649.15 for the medical insurance she purchased and expenses she incurred on behalf of the children. Noting an absence of evidence on Dorene's unemployment and the reasonableness thereof, the court denied the request for an increase in child support. Both parties requested reconsideration of the order.

A second hearing was held at which the attorneys presented further argument. The court then issued an order again granting Mrs. Ruud reimbursement of $2,649.15 and granting an increase in child support to $435 per month. It denied Dorene's request that Randy be required to pay off an arrearage in child support at a rate greater than the $25 per month previously set. Randy appeals.

3

I

Did the District Court err in granting Mrs. Ruud reimbursement for insurance she purchased and medical bills she paid?

Randy points out that Mrs. Ruud is not a party to this action and asserts that her claims were not properly before the District Court. He maintains that his opportunity to defend against her claims was limited by the District Court's failure to require her to file a complaint or formal motion. He also maintains that any expenses she incurred for health insurance for the children were voluntary on her part.

The claim for repayment to Mrs. Ruud was presented in Dorene's affidavit in support of the motion for increased child support. Randy had notice of this claim at least since the time the motion was filed. Randy's counsel conducted extensive cross-examination of Mrs. Ruud at the March 14, 1990 hearing. We conclude that he was not deprived of an opportunity to defend against this claim.

Randy admits that he had an obligation under the decree of dissolution to provide health insurance for his children and that he did not do so from 1984 to the time of these proceedings, except for a brief period in 1986. The District Court stated that "Mrs. Ruud's actions were reasonable in light of [Randy's] continued failure to live up to the terms of the original divorce decree." Canceled checks and a written summary of the expenses Mrs. Ruud incurred on behalf of the children were admitted into evidence. We

4

hold that the court did not err in granting Mrs. Ruud reimbursement for insurance she purchased and medical bills she paid on behalf of the children.

II

Did the court err in modifying the amount of child support and in retroactively applying the modification to the time the motion to modify was filed?

Randy claims that there has been no showing of changed circumstances so substantial and continuing as to make the original terms of child support unconscionable, as is required under § 40-4-208(2)(b)(i), MCA, before a modification of child support may be made. He states that his economic condition is worse now than it was when the decree of dissolution was entered and supports a reduction in his child support obligation, if anything. He maintains that his income, just over $15,000 annually, and Dorene's unemployment require that this case be made an exception from the standards set forth in the Uniform Child Support Guidelines.

When the parties' marriage was dissolved, the children were three and five years old. Dorene testified that expenses for food, clothing, school, and school activities for the children had risen dramatically over the last ten years. Dorene's counsel pointed out at the second hearing that Randy's support obligation under the Uniform Child Support Guidelines would not change unless Dorene's

5

income exceeded $12,000 to $13,000 per year, and that even then it would not change significantly.

An increase in child support may be justified based solely on inflation and increased ages of the children. Johnson v. Johnson (1983), 205 Mont. 259, 262, 667 P.2d 438, 440; Reynolds v. Reynolds (1983), 203 Mont. 97, 104, 660 P.2d 90, 94. It is recognized that expenditures for teenagers are markedly higher than expenditures for younger children. Uniform District Court Rule on Child Support Guidelines (1987), 227 Mont. 1, 9; and see current Montana child support guidelines at 46.30.1549, ARM. We conclude that the District Court did not abuse its discretion in ruling that ten years of inflation and the maturation of the children from preschoolers to teenagers were substantial and continuing circumstances justifying an increase in child support.

Randy also argues that making the increase in child support retroactive to the time the petition for modification was filed, eighteen months before the judgment, is unfair. He says that he should not be penalized for the inordinate amount of time it took the District Court to decide this matter.

Making a modification of child support retroactive to the time of notice of the motion for modification is within the discretion of the district court. Section 40-4-208(1), MCA. Randy was employed at the time the petition for modification was filed. Ten years of inflation and the increased needs of the teenage children

6

were present as factors at the time the petition was filed.  We hold that the District Court did not abuse its discretion in making the increase in child support retroactive to the time the petition for modification of child support was filed.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7

April 21, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jon. A. Oldenburg
Attorney at Law
Bank Electric Bldg.
Lewistown, MT 59457

STUART R. WHITEHAIR
403 West Mendenhall
P.O. Box 6493
Bozeman, MT 59715

Dorene K. Woody
P.O. Box 353
Denton, MT 59430

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy