No. 93-647

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

DIANE STROOP GINGERICH,

      Petitioner and Respondent,

  and

HUGH D. STROOP,

      Respondent and Appellant.

**FILED**

DEC 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tonja D. Schaff, Attorney at Law; Richard Dzivi,
P.C., Great Falls, Montana

    For Respondent:

        Daniel L. Falcon, Attorney at Law; Matteucci, Falcon
Squires & Lester, Great Falls, Montana

                Submitted on Briefs:  December 1, 1994

                          Decided: December 20, 1994

Filed:

_____
         /Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Hugh D. Stroop (Husband) appeals the September 24, 1993 order of the District Court of the Eighth Judicial District, Cascade County, modifying his and Diane Stroop Gingerich's (Wife) 1982 decree of dissolution. We affirm in part, reverse in part, and remand for further consideration consistent with this opinion.

Six issues are presented:

1. Did the District Court err in modifying the 1982 Decree of Dissolution based on its conclusion that there were changes in circumstance so substantial and continuing as to render the Decree unconscionable?

2. Did the District Court err in adopting verbatim Wife's findings of fact, conclusions of law, and order modifying decree?

3. Did the District Court err in increasing the length of time Husband must pay child support?

4. Did the District Court err in computing the proper child support that Husband is required to pay?

5. Did the District Court err in awarding interest on back due child support?

6. Did the District Court err in awarding Wife attorney's fees?

A decree dissolving the marriage of Husband and Wife was entered on May 20, 1982 with issues pertaining to custody, property, and child support to be decided and entered later. The parties entered into a custody, support and property settlement

2

agreement (Agreement) dated November 4, 1982, which provided that child support payments were to be made the first of each month to the Clerk of the District Court. The Agreement was approved of and incorporated by reference in a decree of dissolution (1982 Decree) entered on November 29, 1982.

The 1982 Decree provided Husband and Wife with joint legal custody, with Wife to have physical custody of the couple's three children. Husband was given visitation rights, and was ordered to pay $133.33 per child per month in child support (totaling $400 per month) until each child reached majority or was earlier emancipated.

Since Husband's employment as a heavy equipment operator was seasonal in nature, he agreed to set aside funds when he was working to enable him to continue to meet his child support obligation when he was not working. By the end of 1989, however, Husband owed over $6,000 in past-due child support payments. Husband alleges he did not dispute or attempt to avoid his child support payment obligation, but claims he was not able to pay because of his lack of employment. Husband has since met all his delinquent child support obligations.

Dawn Cherie graduated from high school in May 1990, and immediately moved away from Wife's home, resulting in her emancipation. Stacia Noel reached majority on January 3, 1993, approximately five months before she graduated from high school. Husband stopped paying child support for her in January 1993. Jamie Katherine reached majority on November 1, 1994, approximately

3

seven months before she graduates from high school.

Wife brought an action against Husband seeking to modify the 1982 Decree. She sought to increase the length of time and amount of child support payments, payment of and interest on past-due payments, and for attorney's fees. After two hearings on the matter, the District Court adopted verbatim Wife's findings of fact and conclusions of law. Husband moved the District Court to alter or amend the adopted findings on the grounds that the findings were clearly erroneous. The District Court did not act on Husband's motion and Husband, concluding that the motion was denied pursuant to Rule 59(g), M.R.Civ.P., appeals to this Court.

I

Did the District Court err in modifying the 1982 Decree of Dissolution based on its conclusion that there were changes in circumstances so substantial and continuing as to render the Decree unconscionable?

In Gall v. Gall (1980), 187 Mont. 17, 20, 608 P.2d 496, 498, this Court concluded that the essential requirement for modifying child support is that it would be unconscionable to continue the current child support payments. Wife claims that the record shows a change of circumstances so substantial and continuing as to render the 1982 Decree unconscionable. We disagree.

In support of the District Court's order, Wife cites In re Marriage of Johnson (1983), 205 Mont. 259, 667 P.2d 438, for the contention that this Court will reverse the district court only if

4

that court's findings are clearly erroneous in light of the evidence in the record. In Marriage of Johnson, the wife, who sought child support modification, testified about her changed income and that inflation had increased the cost of living, compared her monthly expenses to her monthly income, and testified that expenses for raising their son had increased. Marriage of Johnson, 667 P.2d at 439. Additionally, the husband had received annual cost of living increases in his employment. Marriage of Johnson, 667 P.2d at 439. The husband testified about his changing income and compared his income to his expenses. That District Court "relied upon the increased age and needs of the parties' son and the effect that inflation had upon [the] wife's ability to buy food, clothing, and other items necessary for raising the child." Marriage of Johnson, 667 P.2d at 440. We concluded that those factors had properly been relied on to uphold an increase in child support. Furthermore, the District Court considered that the wife's expenses exceeded her income. Marriage of Johnson, 667 P.2d at 440.

Marriage of Johnson is distinguishable from the instant case because, here, Wife did not present specific evidence about changed economic circumstances or her actual increased need. Wife testified that the cost of raising the three children had increased but she presented no substantive evidence to prove this point or demonstrate the degree of increase. Wife presented only general testimony regarding her increased cost claims. To demonstrate that she adduced sufficient evidence at trial to support the District

5

Court's findings, Wife relies on the District Court's order modifying the decree. We fail to find adequate support in the record for the District Court's findings for this issue. Wife did not present sufficient evidence of a change in circumstances. Wife testified that there was a change but did not demonstrate the nature or extent of that change. Unlike the court in Marriage of Johnson, the record does not "demonstrate that the changed circumstances of the parties are so substantial and continuing as to make the terms of the original decree unconscionable." Marriage of Johnson, 667 P.2d at 440.

Wife's counsel further elicited at the hearing that Wife's proposed child support modifications, which the District Court adopted verbatim, were based on the parties' incomes. These calculations therefore gave no indication of the increase in their cost of living. The record does not contain sufficient substantive evidence of an increase or even a degree of increase of cost of living. Wife therefore failed to establish an evidentiary basis demonstrating that it would be unconscionable to continue the child support payments established by the 1982 Decree. The change in the parties' incomes in this case is not a sufficient basis to warrant modification of the Decree.

We conclude that Wife did not meet her burden of proof that rising costs or other factors were a sufficient change of circumstances to justify modification of child support under § 40-4-208, MCA. Wife's evidence is not sufficient to support a conclusion that there was a change in circumstances so substantial

6

as to render the 1982 Decree unconscionable. Wife heavily relies on the standard of review we apply to decree modification cases, citing In re Marriage of Barnard (Mont. 1994), 870 P.2d 91, 51 St.Rep. 173. In Marriage of Barnard, we confirmed the importance of district court discretion and that we would not overturn a district court absent an abuse of discretion. Marriage of Barnard, 870 P.2d at 93. In this case the record clearly demonstrates that the District Court abused its discretion by concluding that evidence presented supported the unconscionability of the 1982 Decree. The record does not support the District Court's conclusion.

Our holding for this issue makes it unnecessary to address issue two.

III

Did the District Court err in increasing the length of time Husband must pay child support?

It is well established that "unless the parties agree in writing or the dissolution decree expressly provides for termination of child support at a specified age or time, a parent is not obligated to support an 18 year old or otherwise emancipated child." Torma v. Torma (1982), 198 Mont. 161, 164, 645 P.2d 395, 397; citing Chrestenson v. Chrestenson (1979), 180 Mont. 96, 99, 589 P.2d 148, 149-50. The 1991 Legislature modified § 40-4-208(5), MCA, but did not alter the substantive provision that parties may establish a specific termination date. The statute provides that

7

a termination date may be "extended or knowingly waived by written agreement or by an express provision of the decree." Section 40-4-208(5), MCA. In the instant case, the 1982 Decree provided that child support payments would continue for the child until said child attained the age of eighteen years or was earlier emancipated. The District Court modified the 1982 Decree extending Husband's child support payments during the period Jamie is not emancipated, is enrolled in high school, and is not yet 19 years old. The District Court also extended child support payments for Stacia to include the months between her attaining majority and graduating from high school.

Section 40-4-208(5), MCA, case law, and the parties' express agreement all support the conclusion that Husband must pay child support only until said child reaches age eighteen or is earlier emancipated. The District Court abused its discretion by modifying the 1982 Decree. There may be situations where the time for child support payments should be extended, however the facts of this case do not sustain that conclusion. Because of our holding in this issue, we need not consider issue four.

V

Did the District Court err in awarding interest on back due child support?

Husband was delinquent in his child support payments between 1986 and 1993; at one point he was over $6,000 in arrears. The District Court ordered that Husband pay interest on past due child

support, based on Wife's calculations. Husband argues that he was unable to earn sufficient income to pay his full child support, that he did not attempt to reduce the amount of his child support payments, that Wife knew his work was seasonal, and that he made a good faith effort to pay the arrearage before court intervention. Husband concludes that it would be inequitable to award interest to Wife. We disagree.

We have consistently held that, absent contrary provisions in a dissolution decree, interest on child support arrearage is automatically collectable by judgment creditor spouse. In re Marriage of Callahan (1988), 233 Mont. 465, 471-72, 762 P.2d 205, 209; In re Marriage of Gibson (1983), 206 Mont. 460, 466, 671 P.2d 629, 632; Torma, 645 P.2d at 398; Fitzgerald v. Fitzgerald (1980), 190 Mont. 66, 71, 618 P.2d 867, 870.

Here, both the Agreement and 1982 Decree were silent on the issue of interest owing. Applying established law to the instant case, we hold that Husband owes interest to Wife for late child support payments. The amount of interest due is, however, not clear from the record. Wife's proposed calculations appear to be in error because they were based on the date the Clerk of Court mailed payment to Wife rather than the date Husband made payment to the Clerk of Court. Furthermore, additional calculations were addressed at the hearings by both parties but were not entered into evidence. Our award of interest payments is for late payments based on the Agreement and 1982 Decree only and not for any modified payments, the award of which we rejected above.

9

Therefore, consistent with this opinion, the District Court is instructed to recalculate the interest payments.

This holding does not mean that interest payments are available in every situation where child support payments are late. While interest payments are automatically collectable, the district court must have some latitude to calculate and award payments. While we intend that child support payments should be timely, and interest charged when payments become late, we do not intend that this should be an avenue for frivolous or vindictive claims.

VI

Did the District Court err in awarding attorney's fees?

Section 40-4-110, MCA, provides that after considering the financial resources of both parties the district court may order a party to pay reasonable attorney's fees for maintaining and defending specified dissolution, custody, and child support proceedings. The standard of review of an order granting or denying attorney's fees is whether the district court abused its discretion. Marriage of Barnard, 870 P.2d at 95. We will not disturb a district court's findings if there is substantial evidence supporting those findings. Marriage of Barnard, 870 P.2d at 95. We have held that such an award "must be based on necessity, must be reasonable, and must be based on competent evidence." In re Marriage of Zander (1993), 262 Mont. 215, 227, 864 P.2d 1225, 1233; citing Marriage of Barnard, 870 P.2d at 95. The party requesting attorney's fees has the burden of demonstrating the necessity of the award. In re Marriage of Durbin

10

(1992), 251 Mont. 51, 62, 823 P.2d 243, 250.

Wife failed to show that attorney's fees are necessary or that the proposed fees are reasonable. Both parties expounded on the burden created by the other party's litigation but neither suggested the necessity or reasonableness of awarding fees. The record does not contain substantial evidence to support the District Court's findings. The record from this case does not support an award of attorney's fees. Thus, the District Court abused its discretion by awarding attorney's fees.

The judgment of the District Court is affirmed in part, reversed in part, and remanded in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

11

Justice James C. Nelson dissenting.

I respectfully dissent from our decision on Issue III.

As to the court's extending the Husband's child support obligation, § 40-4-208(5), MCA (1981), the code in effect when the parties executed their November 4, 1982 Custody, Support and Property Settlement Agreement and when the court entered its November 29, 1982 Decree of Dissolution, provided for the automatic termination of child support at emancipation. That same section of the code in effect when the Wife filed her petition for modification, provides for child support during the time that an 18 year old child remains in high school. Section 40-4-208(5), MCA (1991). In my view, reconciling our decisions in In re Marriage of McFate (1989), 239 Mont. 492, 781 P.2d 759; and In re Marriage of Bowman (1987), 226 Mont. 99, 734 P.2d 197, with the current code leads to the conclusion that if, as here, the party seeking modification of child support files his/her motion before the support obligation is discharged by the child's emancipation, reaching majority or the obligation under the decree and/or separation agreement being fulfilled--i.e., if the motion is filed while the court still has jurisdiction over support--then, and in that event, the court retains jurisdiction to modify support. See also § 40-4-201(6), MCA. Moreover, here, the court specifically retained jurisdiction to modify support in the 1982 Decree. Accordingly, I conclude that the court had the authority to and properly did extend the Husband's support obligation during the times that Stacia and Jamie remained enrolled in high school and until their graduation, but in no event later than the child's 19th

12

birthday.

As our opinion readily acknowledges, "[t]here may be situations where the time for child support payments should be extended . . ." If such a situation is not presented where the custodial parent has not had a child support increase in eleven years despite substantially increased costs of child rearing, where she has lost the benefit of her tax exemptions by reason of a change in the IRS code, where she is attempting to raise two teen age daughters still in high school, and where the non-custodial parent's support payments do not comply with the Child Support Guidelines, then one can only wonder what sort of situation this Court has in mind.

_____
                                         Justice

Justice Karla M. Gray joins in the foregoing dissent.

_____
                                         Justice

13

December 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Richard Dzivi, Esq.; Tonja D. Schaff, Esq.
Richard Dzivi, P.C.
P.O. Box 1291
Great Falls, MT  59403-1291

Daniel L. Falcon, Esq.
Matteucci, Falcon, Squires & Lester, P.C.
P.O. Box 149
Great Falls, MT  59403-0149


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy