No. 02-711

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 245N

IN RE CUSTODY OF A.C.,

CHERYL L. BARTHA, n/k/a CHERYL WALSH,

Petitioner and Appellant,

v.

MICHAEL CRILLY,

Respondent and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. 97-24,
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Karl Knuchel, Attorney at Law, Livingston, Montana

For Respondent:

Derik Pomeroy, Attorney at Law, Bozeman, Montana

Submitted on Briefs: June 12, 2003

Decided: September 11, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Cheryl Walsh (Walsh) appeals from an order of the Sixth Judicial District Court, Park County, which denied her petition for a modification of child support for her daughter, A.C. We affirm the District Court's decision.

¶2      Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶3      Walsh petitioned the District Court for a modification of child support, claiming a change in circumstances. The previous child support order, in the amount of $163 a month, had included as a factor that A.C.'s father, Crilly, was attending college and was only employed part time. Since the entry of that order, Crilly had graduated from college with a Master of Business Administration degree and was once again earning a good salary. Walsh petitioned for a modification of child support, claiming a change in circumstances. However, by the time of the District Court's hearing on May 31, 2002, Crilly was unemployed, having been laid off twice by two telecom companies. The District Court found no substantial change in circumstances and therefore denied the requested modification of child support. Walsh appeals this order.

¶4     The sole issue raised on appeal is whether the District Court erred in refusing to recalculate the child support obligation of the father.

¶5     We will review a district court's findings of fact regarding modification of child support payments to determine whether they are clearly erroneous. *In re Marriage of Kovash* (1995)*,* 270 Mont. 517, 521, 893 P.2d 860, 862-63. Section 40-4-208, MCA, provides district courts with discretion to modify child support, therefore we will review the overall decision for an abuse of discretion. *In re Marriage of Jarussi*, 1998 MT 272, ¶ 7, 291 Mont. 371, ¶ 7, 968 P.2d 720, ¶ 7.

¶6     A court may order a modification of child support where a petitioner shows a change in circumstances so substantial and continuing so as to make the terms unconscionable. Section 40-4-208(2)(b)(i), MCA. This two-part test requires a finding of changed circumstances and a separate finding of the unconscionability of enforcing the agreement. *Jarussi,* ¶ 7. Here, the District Court determined that the first prong of the two-part test was not satisfied since there was no change in circumstances.

¶7     A change in the economic situation of each of the parties may be sufficient to meet the standard. *Johnson v. Johnson* (1983), 205 Mont. 259, 667 P.2d 438. In *Johnson*, the increased age and needs of the parties' son combined with inflation resulted in a situation where the ex-wife's expenses exceeded her income. *Johnson,* 205 Mont. at 262, 667 P.2d at 440. In *Jarussi*, the Court found that there were changes in the circumstances when the ex-husband's income had increased substantially, eight years had passed since the original determination, the children were older, and there was a change in the custody arrangement.

3

*Jarussi*, ¶ 8 (remanded for failure to make a finding of unconscionability sufficient to meet the standards of § 40-4-208(2)(b)(i), MCA).

¶8 Generally, a mere increase in the earnings of one of the parties is insufficient to meet the standard that a change in circumstances is so substantial and continuing that the terms are now unconscionable. In *Gingerich*, the ex-wife failed to present specific evidence about changed economic circumstances, which might establish an actual increase in need. *In re Marriage of Gingerich* (1994), 269 Mont. 161, 164, 887 P.2d 714, 716. This failure to provide sufficient substantive evidence of an increase in the cost of living led to a conclusion that the ex-wife had failed to meet her burden of proof in establishing change of circumstances. *Id.* The record must demonstrate the children's financial needs and resources and each parent's financial needs and resources. *In re Marriage of Pearson,* 1998 MT 236, ¶ 44, 291 Mont. 101, ¶ 44, 965 P.2d 268, ¶ 44.

¶9 In the present case, Crilly's income had gone up from $15,600 to $43,800 when the original petition was filed. However, by the time of the hearing a year later, Crilly had been laid off twice and was receiving unemployment benefits. He was married and had to support his wife, who worked part-time.

¶10 Walsh's testimony about changed circumstance centered around her economic situation. She only has a high school education and formerly worked as a hair-dresser in California. She points out that the District Court's previous child support order in the amount of $163 per month was based on her income during the two highest earning years of her life. Those two years reflect the winding up of her corporations and the sale of assets.

Her current income results from the sale of two properties on contracts for deed, with balloon payments due in the next four to five years. In 2001, the year immediately prior to the most recent petition, Walsh had unearned income of $14,117.

¶11 No testimony was given to indicate that any physical, emotional or material needs of A.C. were going unmet. A.C. still participates in extracurricular activities. By all appearances, there was no change in the lifestyle of either Walsh or A.C. Further, while looking to Walsh's financial situation, the District Court noted that while her income had decreased, she was not working but was able to work. The District Court thus imputed income to Walsh, based on a minimum wage job, for the purposes of determining the economic situation of each party. Because of the lack of testimony about actual changes in regard to A.C.'s living arrangements or lifestyle, Walsh's actual and imputed income, and Crilly's unemployment, the District Court found no change in circumstances.

¶12 The District Court did not abuse its discretion. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JIM RICE